### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 13-CR-0004-GKF |
| v. | ) |
| | ) |
| **TARRAN ARNEL BRINSON,** | ) |
| | ) |
| **Defendant.** | ) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through Assistant United States Attorney Clinton J. Johnson, and hereby responds to the Defendant's Sentencing Memorandum.

I.  Overview of Relevant Case History

   A.  The Third Superseding Indictment

On May 8, 2013, Tarran Arnel Brinson (Brinson) was charged by a Grand Jury in a seven-count Third Superseding Indictment in the Northern District of Oklahoma. Count One charged Brinson with Conspiracy to Engage in Sex Trafficking in violation of Title 18, United States Code, Section 1594(c). Count Two charged Brinson with Sex Trafficking of Children in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(2), and 1594(a). Count Three charged Brinson with Interstate Travel and Transportation in Aid of Racketeering Enterprises in violation of Title 18, United States Code, Sections 1952(3) and 1952(b)(1). Count Four charged Brinson with Attempted Sex

Trafficking of Children in violation of Title 18, United States Code, Sections 1591(a)(1), 1592(b)(2), and 1594(a). Count Five charged Brinson with Coercion and Enticement in violation of Title 18, United States Code, Section 2422(b). Count Six charged Brinson with Obstruction of Justice in violation of Title 18, United States Code, Section 1591(d). Finally, Count Seven charged Brinson with Obstruction of Justice in violation of Title 18, United States Code, Sections 1503(a) and 1503(b)(3).

### B. Defendant's Trial

A jury convicted Brinson of Counts One, Two, Three, Four, Five, and Six on May 28, 2013. The Court dismissed Count Seven prior to jury deliberation.

### C. The Pre-Sentence Report

A Pre-Sentence Report (PSR) was prepared in this matter. Counts One, Two, Three, and Six (Count Group One) were grouped together pursuant to U.S.S.G. §§ 3D2.1(b) and 3D2.1(c). Counts One, Four, and Five (Count Group Two) were grouped together pursuant to U.S.S.G. §§ 3D2.1(b) and 2G1.1(d)(1). Count Group One's base offense level is thirty (30). An enhancement of two (2) levels was added for the use of a computer to persuade/facilitate a minor to engage in prohibited sexual conduct. Two (2) more levels were added because the offense involved a sex act. An additional two levels were added because the defendant used a minor to recruit others to perform commercial sex acts. Finally, two (2) levels were added for obstruction of justice. The Adjusted Offense level for Count Group One is thirty-eight (38).

Count Group Two's Base offense level is thirty (30). A two (2) level enhancement for the use of a computer to persuade a minor to engage in prohibited sexual contact resulting in an Adjusted Offense level of thirty-two (32). Pursuant to U.S.S.G. §3D1.4 there was a multi-count adjustment resulting in a combined Adjusted Offense level of thirty-nine (39). The PSR indicated the defendant has a Criminal History Category of I. The PSR calculated an applicable, advisory sentencing guideline range of 262-327 months imprisonment for Counts One, Two, Four and Five. Count Three's guideline sentence is 60 months and Count Six's is 240 months. Counts One and Five require a mandatory minimum of ten (10) years' incarceration.

## II.   Defendant's Requests

As a preliminary matter, the United States does not object to the requests set forth in paragraphs 6 and 54 of the Defendant's Sentencing Memorandum:

1)   As this Court is well aware, the housing of inmates in the Bureau of Prisons is a decision best left to the Bureau of Prisons. However, the United States does not object to the defendant's request for a recommendation for a federal correctional facility in or near Oklahoma.

2)   The United States will not object if the Court determines a fine is not appropriate in this case.

3)   The United States does not object to the defendant enrolling in vocational, educational, and rehabilitation programs if available.

The United States does request a guideline sentence based upon the Probation Office's correctly calculated guidelines. Additionally, the United States objects to any sentence beneath the applicable guideline range as set forth more fully below.

III. Defendant's Objections to the PSR

A. Obstruction of Justice enhancement

The United States agrees with the Probation office's responses contained in the Addendum to the Pre-Sentence Report. The Probation office correctly calculated the guidelines adjusted offense level as thirty-nine (39). The defendant's objection should be denied.

B. PSR's Paragraph 15 Factual Allegations

The Probation office correctly summarized the facts surrounding Brinson's Obstruction of Justice charge. While Count Seven of the Third Superseding Indictment was dismissed prior to jury deliberations, Count Six was not. The jury convicted the defendant of Obstructing Justice at trial. The jury determined that Brinson told a grand jury witness, in a sex trafficking case, not to appear and/or testify.

C. Acceptance of Responsibility

Brinson avers in paragraph 47 of his Sentencing Memorandum that he be credited with a one level reduction for acceptance of responsibility. Brinson has not demonstrated acceptance of his criminal conduct. A jury convicted Brinson after a six-day trial. Pursuant to U.S.S.G. §3E1.1 the defendant has not earned a reduction in offense level.

IV.     ARGUMENT

Since *United States v. Booker*, 125 S.Ct. 738 (2005), ruled that the Guidelines are advisory, a sentencing judge may impose either a Guidelines sentence or a non-Guidelines sentence. *See*, *e.g.*, *id.* In order to arrive at either type of sentence, the sentencing judge must consider the factors set forth in 18 U.S.C. § 3553(a). That section provides, in pertinent part, as follows:

>   (a)    Factors to be considered in imposing a sentence.-The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider-
>
>   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>   (2) the need for the sentence imposed-
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>   (3) the kinds of sentences available;
>
>   (4) the kinds of sentence and the sentencing range established for-
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-
>
>   (I) issued by the Sentencing Commission . . .;
>   . . .
>   (5) any pertinent policy statement-
>   (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code . . .;

5

> . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and,
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1).

The nature and circumstances of the case-at-hand involve egregious acts against the most vulnerable members of our society, children. The defendant executed a scheme to enrich himself by attempting to recruit and recruiting minor females to work as prostitutes for his financial benefit. Brinson managed and supervised his prostitution business by advertising, transporting, soliciting, recruiting, and providing minors to adult men for commercial sex services. Not only did Brinson manage the prostitution business, he used another minor to recruit underage prostitutes. Compounding his criminal activity, after his arrest Brinson told a witness to not appear/testify before a Grand Jury investigating his child sex trafficking business. Brinson's actions obstructed justice. The defendant's conduct in the instant case was criminal, egregious, and obstructive. A guideline sentence is appropriate to deter future misconduct by him, to protect the public, and to act as a deterrent to other individuals.

Decisions by the Supreme Court have clarified both the procedures to be followed by the district court in arriving at either a guideline or non-guideline sentence, and the standard of review to be applied by the court of appeals. *See, e.g., Gall v. United States, 128 S.Ct. 586, 594, 596-97, 169 (2007); Kimbrough v. United States,* 128 S.Ct. 558, 570,

574-75 (2007); *Rita v. United States,* 127 S.Ct. 2456, 2467-68 (2007).  Because "§ 3553(a) explicitly directs sentencing courts to consider the Guidelines," district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process. *Gall,* 128 S.Ct. at 597 n. 6. The *Gall* Court elaborated that,

> [a]s we explained in *Rita,* a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. *See ...* 127 S.Ct. 2456, 168 L.Ed.2d 203. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.   *Id.* at 596.

Further, the *Gall* Court noted,

> it is clear that a district judge must give serious consideration to the *extent* of any departure from the Guidelines and must explain his conclusion that *an unusually lenient* or an unusually harsh sentence is appropriate in a particular case with *sufficient justifications.* For even though the Guidelines are advisory rather than mandatory, they are, as we pointed out in *Rita,* the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. *Gall* at 594 (*emphasis added*); *see also Rita,* at 2464.

Thus, "[i]f [the sentencing judge] decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.... [A] major departure should be supported by a more significant justification than a minor one. Gall*,* 128 S.Ct. at 597. Finally, [a]fter settling on the appropriate sentence, he must adequately explain

7

the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing. Id.; See also, Rita, 127 S.Ct. at 2468.

In the wake of *Booker,* an appellate court will apply a "reasonableness standard" in reviewing sentences, *Booker,* 543 U.S. at 262, (*internal quotation marks omitted*); "'reasonableness' review merely asks whether the trial court abused its discretion," *Rita,* 127 S.Ct. at 2465; *see, e.g., Gall,* 128 S.Ct. at 594 ("Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions. *See* [*Booker,*] 543 U.S., at 260-262"). Thus,

> [r]egardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard. It must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. ... [I]f the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness. It may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.

*Gall,* at 597; *see Id.* at 594-95 (While generally the district court need not have found "'extraordinary' circumstances to justify a sentence outside the Guidelines range," an

appellate court "reviewing the reasonableness of a sentence outside the Guidelines range, ... may ... take the degree of variance into account and consider the extent of a deviation from the Guidelines.")   And, "while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case."   *Kimbrough,* 128 S.Ct. at 575 (quoting *Rita,* 127 S.Ct. at 2465).

Although, the guidelines are not mandatory, they are, nonetheless, an initial starting point and a benchmark to achieve consistency nationwide. The United States Sentencing Commission, in accordance with its statutory mission of deterring crime, incapacitating the offender, providing just punishment and rehabilitating the offender, established guidelines to be considered by the courts for the federal offenses of Sex Trafficking of Children and Obstruction of Justice.

In summary, the total offense level of thirty-nine (39) with a corresponding sentence range of 262-327 months is a reasonable sentence. Here, a sentence of imprisonment within the applicable advisory guideline range is warranted to adequately punish the defendant, deter criminal conduct, and promote respect for the law and to reflect the seriousness of the offense.

## CONCLUSION

The United States respectfully requests the Court to deny defendant's objections to the PSR and deny those portions of the Defendant's Sentencing Memorandum that request a below guideline sentence and sentence the defendant in accordance with the applicable guideline range.

Respectfully submitted,

DANNY C. WILLIAMS SR.
United States Attorney

 /s/ Clinton J. Johnson
CLINTON J. JOHNSON, OBA No. 16762
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

### CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Allen Smallwood
smallwood@swbell.net

Patrick Megaro
patrick@brownstonelaw.com

/s/ Clinton J. Johnson
Clinton J. Johnson
Assistant United States Attorney